■ EDMUND SCHWANKE et al., Appellants, v LACI BERGHAUER et al., Respondents. — Appeal by plaintiffs from a judgment of the Supreme Court, Orange County (Green, J.), dated April 28, 1980, which dismissed the complaint, after a nonjury trial. Judgment affirmed, without costs or disbursements. No opinion. Mollen, P. J., Damiani and Titone, JJ., concur.

Hopkins, J., dissents and votes to reverse the judgment and remit for a trial as to damages, with the following memorandum: This action is brought to recover damages based on several causes of action, three of which allege breaches of trust by the defendants, which I shall treat as the essential causes of action in the complaint. The action is predicated on a lease made in 1974 of premises owned by the plaintiffs and let to the defendants for a period of one year. The lease contained an option in favor of the defendants to purchase the premises for the sum of $210,000. The proof at the trial established that the plaintiffs had operated a business on the premises since 1967. In the dwelling located thereon — consisting of 15 rooms — the plaintiffs lodged and boarded veterans on the approval and referral of the Veterans Administration in consideration for payment of a stipulated sum for each veteran. The defendants met the plaintiffs in 1974 and became interested in purchasing the property and the business. As a result, the lease was entered into by the parties, and the defendants took over the business for the period of a year and operated it to the exclusion of the plaintiffs. The defendants did not exercise the option to purchase the premises. Instead, during the term of the lease the defendants decided to undertake a business competitive with the plaintiffs, and to that end purchased other property and transferred 10 of the veteran residents from the plaintiffs' business to the defendants' business. The trial court dismissed the complaint, finding that no fiduciary relationship existed between the parties, since no property was held by the defendants for the benefit of the plaintiffs. It is with this interpretation of the facts and the law that I must differ. A fiduciary relationship is a flexible instrument to achieve equity and may flow from a variety of circumstances. By definition it "involves a duty on the part of the fiduciary to act for the benefit of the other party to the relation as to matters within the scope of the relation." (1 Scott, Trusts [3d ed], § 2.5, p 39). The fiduciary is bound not to profit at the expense of the beneficiary, or to engage in competition with the beneficiary (5 Scott, Trusts [3d ed], § 504, pp 3557-3560). Although, at first glance, the relation of landlord and tenant appears contractual in nature, this does not mean that a fiduciary relationship may not arise between the parties to a lease given special circumstances (see, e.g., *Robins v Hope,* 57 Cal 493, 497; *Robinson v Eagle-Picher Lead Co.,* 132 Kan 860; 1 Story's Equity Jurisprudence [14th ed], § 447, p 428; cf. *Phyfe v Wardell,* 5 Paige Ch 268; *Holridge v Gillespie,* 2 Johns Ch 30). Here, I think, there were special circumstances which imposed a duty on the defendants to act in good faith and to refrain from destroying the plaintiffs' business. As the trial court correctly found, the conduct of the business on the premises by the defendants was an integral part of the arrangement between the parties. Perhaps the plaintiffs could not complain if, during the term of the lease, the business did not prosper under the management of the defendants, or

that the number of veteran residents dwindled due to attrition. But that is not the same as active competition begun by the defendants with the plaintiffs, characterized by the enticement of veteran residents from the plaintiffs' establishment to the defendants' business. Such actions by the defendants are similar to the conduct by employees against their employer condemned in many cases (e.g., see *Town & Country House & Home Serv. v Newberry,* 3 NY2d 554; *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369; *Jones Co. v Burke,* 306 NY 172; *Preferred Elec. & Wire Corp. v Katz,* 462 F Supp 1178). Once having accepted the lease from the plaintiffs with the accompanying benefit of a going business, the defendants were under a duty to the plaintiffs not to act in such a way that they would lure customers away from the business, when they knew that they did not intend to renew the lease or purchase the property. This seems to me to be the equity of the situation enforceable by a finding that a fiduciary relation had been created between the parties, a breach of which imposes on the defendants a responsibility to pay for the damage caused to the plaintiffs. Since in this nonjury trial the issue of damages was not reached, I would remit to the trial court for its consideration of that issue.